**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| James A. Gregg, | Case No. 21-CV-1180 (MJD/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Kallis, Warden FMC; and Daniel Basile, Chaplain FMC, | |
| Defendants. | |

This matter is before the Court on Plaintiff James A. Gregg's Motions for Preliminary Injunction (Dkt. Nos. 3, 4, 5) and Defendants Steve Kallis and Daniel Basile's Motion to Dismiss (Dkt. No. 37). As set forth below, the Court recommends that Mr. Gregg's motions for injunctive relief be denied and Defendants' motion to dismiss be granted.

## I.  Background

### A.  Allegations in the Amended Complaint

Plaintiff James A. Gregg is a federal prisoner housed at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (Am. Compl. ¶ 1, Dkt. No. 28.) He is suing FMC-Rochester Warden Steve Kallis and Chaplain Daniel Basile under 42 U.S.C. § 1983 for allegedly violating his First Amendment rights. (*See id.* at 2 (citing 42 U.S.C. § 1983 in the caption); *id.* ¶¶ 2, 4, 20.) Mr. Gregg also cites to numerous federal regulations and BOP policies as bases for the Court's jurisdiction, although it does not seem he is asserting claims under those regulations and policies. (*Id.* ¶ 4.) The Amended Complaint does not

indicate whether Mr. Gregg is suing Defendants in their individual capacities, their official capacities, or both.[1]

In his Amended Complaint, Mr. Gregg asserts that he is the designated inmate representative for the Asatru/Odinnist religious community at FMC-Rochester. (Am. Compl. Ex. at 5, Dkt. No. 28-1.) He alleges that Chaplain Basile received timely notice of a religious observance but failed to schedule and facilitate the observance. (Am. Compl. ¶ 7.) Chaplain Basile also allegedly limited Mr. Gregg's choice of religious medallions to "a selection of 3 pewter costume jewelry Mjolnir medallions," which did not meet his religious needs, while observers of other religions allegedly have been allowed to choose medallions made from metals such as silver. (*Id.* ¶ 8.) A meeting between Chaplain Basile and Mr. Gregg was unproductive, and Mr. Gregg felt Chaplain Basile was unprofessional and insensitive. (*Id.* ¶ 10.) Mr. Gregg accuses Chaplain Basile of falsely asserting that the Odinist feast of Einherjar was not an official or mandatory religious observance and that Mr. Gregg failed to request the religious observance 30 days in advance. (*Id.* ¶¶ 11–14.) Mr. Gregg further accuses Chaplain Basile of not following the Bureau of Prisons ("BOP") Central Office guidance in implementing a ceremonial meal procedure for the High Feast of Yule. (*Id.* ¶ 15.)

Mr. Gregg believes that Chaplain Basile is favoring the Catholic religion over Mr. Gregg's religion. (*Id.* ¶ 17.) In addition, Mr. Gregg alleges that in June 2021 Chaplain Basile attempted to destroy a sacred juniper bush in an outdoor worship area. (*Id.* ¶ 18.)

---

[1] As explained below, Mr. Gregg clarified in a later filing that his suit was against Defendants in their individual capacities.

Mr. Gregg alleges that Warden Kallis knew of Chaplain Basile's conduct, yet did not discipline him and allowed him to continue as chaplain. (*Id.* ¶¶ 19, 21.)

As relief, Mr. Gregg asks that Chaplain Basile be deemed unqualified to continue as chaplain, that Defendants be charged criminally pursuant to 18 U.S.C. §§ 241 and 242, which are provisions of federal criminal law related to violations of civil rights, and that Chaplain Basile be found liable for neglecting and failing to accommodate Mr. Gregg's religious rights and needs. (*Id.* ¶¶ 25–28.) He also requests "monetary compensation in the amount of these proceedings." (*Id.* ¶ 26.)

### B.   Mr. Gregg's Motions for Preliminary Injunction

Mr. Gregg seeks the same relief in all three motions for injunctive relief: that Chaplain Basile be prohibited from acting as chaplain until all administrative grievances against him are remedied. (Dkt. Nos. 3, 4, 5.)

### C.   Defendants' Motion to Dismiss and Mr. Gregg's Response

Defendants move to dismiss all claims for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 37.) They mount a facial challenge to the Court's jurisdiction and request dismissal without prejudice. (Defs.' Mem. Supp. Mot. Dismiss at 4, Dkt. No. 38.) Defendants argue they cannot be sued under 42 U.S.C. § 1983 because they are federal employees. (*Id.* at 5.) They further argue the action cannot be maintained under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because the United States Supreme Court has not extended *Bivens* to the First Amendment context. (*Id.* at 7.) Defendants also argue that relief under 18 U.S.C. §§ 241 and 242 is not available because those are criminal statutes which do not

provide a private right of action. (*Id.* at 13.) Finally, Defendants assert that Mr. Gregg

cannot obtain relief for alleged violations of BOP policies or regulations. (*Id.* at 14 n.3.)[2]

In Mr. Gregg's response to the motion, he clarified that he is suing Defendants in

their individual capacities and referred to *Bivens*. (Pl.'s Resp. at 1, 6, Dkt. No. 48.) He also

observed that the United States Supreme Court recently granted certiorari in *Egbert v.*

*Boule*, 142 S. Ct. 457 (2021), to determine whether a First Amendment claim can be

maintained under *Bivens*. (*Id.* at 2.) Mr. Gregg asks this Court to extend *Bivens* to the First

Amendment context.

## II.    Discussion

Under Federal Rule of Civil Procedure 12(b)(1), a party may mount either a facial

attack or a factual attack on subject-matter jurisdiction. *See Osborn v. United States*, 918

---

[2] When Defendants filed their motion to dismiss, Mr. Gregg's First Amendment claims were asserted pursuant to § 1983. Thus, the motion was properly brought under Rule 12(b)(1). *See Jones v. United States*, 16 F.3d 979, 981 (8th Cir. 1994) (finding dismissal under Rule 12(b)(1) proper where the plaintiff sued federal officials under § 1983); *Spartz v. Menning*, No. 19-CV-2163 (PJS/ECW), 2021 WL 536298, at *8 (D. Minn. Jan. 18, 2021) (finding that the plaintiff's reliance on § 1983 did not establish subject-matter jurisdiction because the defendant was not a state actor), *R. & R. adopted*, 2021 WL 533682 (D. Minn. Feb. 12, 2021). Because Mr. Gregg only later acknowledged that his First Amendment claims should have been brought under *Bivens* against Defendants in their individual capacities, and the Court has treated his claims as such, Defendants should not be penalized for not also citing Rule 12(b)(6) as a basis for dismissal. Both a facial challenge under Rule 12(b)(1) and a Rule 12(b)(6) motion limit the Court's consideration to the face of the complaint; further, in opposing a Rule 12(b)(1) facial challenge, "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The Court will therefore consider Defendants' *Bivens* arguments as made under Rule 12(b)(6). *Cf. Frazier v. Vilsack*, 419 F. App'x 686, 689 (approving the district court's decision to consider a Rule 12(b)(1) motion as a Rule 12(b)(6) motion because of a lack of clarity concerning a jurisdictional issue).

F.2d 724, 729, n.6. (8th Cir. 1990). Here, Defendants bring a facial attack. In this circumstance, the Court considers only the face of the Amended Complaint, and Mr. Gregg receives the same protections as the Rule 12(b)(6) framework provides. *Id.* A dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is without prejudice. *Asher v. Ninneman*, No. 19-CV-3002 (WMW/KMM), 2020 WL 6083554, at *1 (D. Minn. Oct. 15, 2020) (citations omitted).

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). A dismissal under Rule 12(b)(6) is "commonly with prejudice." *Asher*, 2020 WL 6083554, at *1 (citations omitted).

A.   ***Bivens* Claim**

"A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). "An action under *Bivens* is almost identical to an action under section 1983, except

that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990).

The Court agrees with the parties that Mr. Gregg's First Amendment claims should have been brought under *Bivens* rather than § 1983 because Defendants are federal officials. Mr. Gregg also clarified in his response to the motion to dismiss that his First Amendment claims are brought against Defendants only in their individual capacities, which is consistent with *Bivens*. *See Buford*, 160 F.3d at 1203 ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity.").

The Supreme Court held in *Bivens* that "it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Although the Fourth Amendment does not provide explicitly for monetary damages, the Court determined "that it could authorize a remedy under general principles of federal jurisdiction." *Id.* The Supreme Court later recognized two other implied causes of action for constitutional violations that could warrant damages: gender discrimination under the Fifth Amendment's Due Process Clause and failure to provide adequate medical treatment under the Eighth Amendment's Cruel and Unusual Punishments Clause. *Id.* at 1854–55 (citing *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); *Carlson v. Green*, 446 U.S. 14, 19 (1980)). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Id.* at 1855. The Court has since "made it clear that expanding the *Bivens* remedy is now a

'disfavored' judicial activity," *id.*, and has "consistently refused to extend *Bivens* liability

to any new context," *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001).

The Supreme Court has not recognized an implied cause of action under *Bivens* for

First Amendment claims. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have

never held that *Bivens* extends to First Amendment claims."). The Eighth Circuit Court of

Appeals has left the question "for another day." *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th

Cir. 2020). Several other circuit courts of appeal have declined to extend *Bivens* to the First

Amendment context. *See, e.g., Watkins v. Three Admin. Remedy Coordinators of Bureau

of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021) (discussing First Amendment retaliation

claim); *Earle v. Shreves*, 990 F.3d 774, 781 (4th Cir. 2021) (same); *Callahan v. Fed.

Bureau of Prisons*, 965 F.3d 520, 525 (6th Cir. 2020) (discussing First Amendment right

to freedom of speech); *Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018) (discussing First

Amendment retaliation claim); *Davis v. Billington*, 681 F.3d 377, 379 (D.C. Cir. 2012)

(discussing First Amendment claim for termination of employment). *But see Boule v.

Egbert*, 998 F.3d 370, 380 (9th Cir. 2021) (discussing First Amendment retaliation claim),

*cert. granted in part*, No. 21-147, 142 S. Ct. 457 (Nov. 5, 2021). Courts in the District of

Minnesota and other districts in the Eighth Circuit have determined that First Amendment

claims are not cognizable *Bivens* claims. *Biron v. Sawyer*, No. 19-CV-2938 (SRN/LIB),

2020 WL 6121270, at *13–16 (D. Minn. Aug. 21, 2020) (discussing First Amendment right

of familial association), *R. & R. adopted sub nom. Biron v. Carvajal*, 2020 WL 5812970

(D. Minn. Sept. 30, 2020); *Stinson v. Yates*, No. 2:21-CV-111-DPM, 2021 WL 4343304,

at *1 (E.D. Ark. Sept. 23, 2021) (discussing First Amendment retaliation claim); *Lytle v.*

*U.S. Dep't of Health & Hum. Servs.*, No. 13-CV-5083-JLV, 2014 WL 4925436, at \*7 (D.S.D. Sept. 30, 2014) ("[T]he law is clear that *Bivens* claims may not be asserted for alleged violations of a petitioner's First Amendment rights.").

*Abbasi* described a two-step inquiry for determining whether to extend *Bivens* liability. First, the Court asks "whether the claim arises in a new *Bivens* context." *Abbasi*, 137 S. Ct. at 1864. "If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Id.* at 1859. If the context is new, the Court "ask[s] whether any special factors counsel hesitation before implying a new cause of action in the absence of affirmative action by Congress." *Farah v. Weyker*, 926 F.3d 492, 498 (8th Cir. 2019) (quoting *Abbasi*, 137 S. Ct. at 1857) (cleaned up).

Here, the Court finds that Mr. Gregg's First Amendment claims arise in a new context because the Supreme Court has not recognized a *Bivens* remedy for a First Amendment claim. *See Brown v. Cooper*, No. 18-CV-219 (DSD/BRT), 2018 WL 6977594, at \*12 (D. Minn. Dec. 11, 2018) ("The Supreme Court has never recognized a *Bivens* remedy for First Amendment claims, and it has affirmatively declined to extend *Bivens* to a claim invoking the First Amendment."), *R. & R. adopted*, 2019 WL 121943 (D. Minn. Jan. 7, 2019), *aff'd as modified*, 787 F. App'x 366, 2019 WL 6824849 (8th Cir. 2019).

In addition, several factors counsel against implying a new *Bivens* cause of action. First, the Prison Litigation Reform Act's "restrictive provisions with respect to prisoner litigation are a special factor counseling hesitation when deciding whether to create a new cause of action for prisoners." *Id.* at \*13. Second, Mr. Gregg's claims implicate BOP policies concerning religious observances, grievances, and administrative remedies, which

8

counsels hesitation. *See id.* Third, "BOP officials faced with the expanded possibility of personal liability may act differently with respect to these issues when dealing with inmates in BOP custody," and "courts should consider defense costs created by claims against federal officials." *Id.* at \*13; *see also Gonzalez v. Bendt*, No. 4:16-CV-04038-KES, 2018 WL 1524752, at \*4 (D.S.D. Mar. 28, 2018) ("[T]he cost, time, and energy associated with defending a *Bivens* action from a federal employee are significant and Congress is in a better position to evaluate the need for a damages action in a First Amendment suit against a federal employee.").

Mr. Gregg nevertheless urges the Court to follow the Ninth Circuit's decision in *Boule* and determine a *Bivens* remedy is available for his First Amendment claims. The Court declines to do so for the following reasons. First, the *Boule* decision contravenes the vast majority of cases declining to find a *Bivens* remedy for First Amendment claims and the Supreme Court's admonition against extending *Bivens* in new contexts. The judges on the Ninth Circuit Court of Appeals themselves appear to be sharply divided. On denial of rehearing en banc, dissenting circuit judges called the opinion an "outlier," *Boule*, 998 F.3d at 374 (Bumatay, J., dissenting); "jurisprudential word jumble," *id.* at 384 (Owens, J., dissenting); and "significantly out of step with modern Supreme Court cases," *id.* (Bress, J., dissenting). Second, *Boule* recognized a *Bivens* remedy only for a First Amendment claim of retaliation for exercising free speech, *id.* at 389, not a First Amendment claim for free exercise of religion. Accordingly, the Court does not follow *Boule*.

In sum, the Court recommends that Mr. Gregg's § 1983-based First Amendment claims be dismissed without prejudice for lack of subject-matter jurisdiction, and that his

*Bivens*-based First Amendment claims be dismissed with prejudice for failure to state a claim.

B.    **Relief Sought under 18 U.S.C. §§ 241 and 242**

Mr. Gregg accuses Defendants of violating two criminal statutes, 18 U.S.C. §§ 241 and 242. "Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges." *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998). The same is true of § 242. *Ehlers v. United States Navy*, No. 16-CV-30 (DWF/TNL), 2016 WL 1592478, at *5 (D. Minn. Mar. 14, 2016), *R. & R. adopted*, 2016 WL 1559136 (D. Minn. Apr. 18, 2016).

C.    **Relief Sought under BOP Regulations and Policies**

To the extent Mr. Gregg seeks relief for alleged violations of BOP policies or regulations, his claims fail. *See Biron v. Carvajal*, No. 20-CV-2110 (WMW/ECW), 2021 WL 3047250, at *28 (D. Minn. July 20, 2021) (citing cases), *R. & R. adopted*, 2021 WL 4206302 (D. Minn. Sept. 16, 2021), *appeal filed* (8th Cir. Nov. 16, 2021). "[A] violation of prison regulations in itself does not give rise to a constitutional violation." *Bonner v. Fed. Bureau of Prisons*, 196 F. App'x 447, 448 (8th Cir. 2006).

D.    **Mr. Gregg's Motions for Preliminary Injunction**

Mr. Gregg requests an injunction prohibiting Chaplain Basile from acting as chaplain until all administrative grievances against the chaplain are remedied. The Court weighs the following four factors in assessing motions for preliminary injunctive relief: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the

10

probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The movant has the burden to show that these factors warrant an injunction. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

None of the *Dataphase* factors favor injunctive relief. First, Mr. Gregg has not shown that he will be irreparably harmed if the injunctive relief he seeks is not granted. Second, absent such harm, the balance between harm and potential injury to Defendants is either neutral or weighs against granting an injunction. Third, as discussed above, there is very little probability that Mr. Gregg will succeed on the merits of his claims. Finally, Mr. Gregg has not shown that the public interest favors an injunction. Consequently, the Court recommends that the motions be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff James A. Gregg's Motions for Preliminary Injunction (Dkt. Nos. 3, 4, and 5) be **DENIED**.

2.  Defendants Steve Kallis and Daniel Basile's Motion to Dismiss (Dkt. No. 37) be **GRANTED**, as follows:

    a.  Mr. Gregg's claims brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 241, 18 U.S.C. § 242, and BOP regulations and policies be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

b.  Mr. Gregg's *Bivens* claim be **DISMISSED WITH PREJUDICE** for

failure to state a claim.

3.  **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 6, 2022                    *s/  John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).